**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Jacqueline Elizabeth Ard and Terry Frank Nicola,<br><br>Debtor(s). | C/A No. 24-03611-JD<br><br>Adv. Pro. No. 25-80006-JD<br><br>Chapter 13 |
| Jacqueline Ard,<br><br>Plaintiff(s),<br><br>v.<br><br>Ron Zold, Judy Vanderveer, HHR Four Seasons Horizontal Property Regime, and Wm Weston Jones Newton,<br><br>Defendant(s). | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND ORDER TO MAKE A MORE DEFINITE STATEMENT** |

**THIS MATTER** is before the Court on the Motions to Dismiss filed by Defendants Ron Zold, Judy Vanderveer, Wm. Weston Jones Newton, and HHR Four Seasons Horizontal Property Regime ("Movants").[1] The Plaintiff, Jacqueline Elizabeth Ard, ("Debtor" or "Plaintiff") filed her Complaint seeking damages for Violation of the Automatic Stay under 11 U.S.C. § 362 and Breach of Contract on January 24, 2025.[2] After filing the Motions to Dismiss, Movants filed an Answer on February 26, 2025.[3] Movants seek to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7012. The Court entered an Order[4] setting a deadline of March 11, 2025, for a Response to the Motions to Dismiss. Debtor did not

---

[1] Adv. ECF Nos. 7 and 8, filed February 25, 2025.
[2] Adv. ECF No. 1.
[3] Adv. ECF No. 11.
[4] Adv. ECF No. 13, filed February 27, 2025.

file a Response.[5] The Court has reviewed the pleadings and, for the reasons set forth below, grants in part and denies in part the Motions to Dismiss and orders Debtor to make a more definite statement pursuant to Fed. R. Civ. P. 12(e).[6]

## BACKGROUND

Debtors, *pro se*, filed their Chapter 13 petition on October 4, 2024.[7] On November 20, 2024, the Chapter 13 Trustee filed a Motion to Dismiss Case for Failure to File Documents Required under Section 521(i) ("Motion to Dismiss").[8] Therein, the Trustee noted Debtors' failure to file and/or provide Schedules D, E/F, I, and J; a valid Declaration regarding the Schedules; Debtors' Statement of Financial Affairs; Copies of Payment Advices; the Chapter 13 Statement of Income/Calculation; the Statement of Increased Income/Expenditures; a Summary of Assets and Liabilities; the Chapter 13 Plan; Debtors' most recently filed tax return(s); proof of Debtors' social security numbers; copies of county real estate tax assessments for all parcels of real property; and a completed *pro se* bankruptcy questionnaire within 45 days of filing their petition in accordance with 11 U.S.C. § 521(a)(1). The Motion to Dismiss was granted on November 21, 2024 ("Order Granting Dismissal").[9] The Order Granting Dismissal deemed the case automatically dismissed, pursuant to 11 U.S.C. §521(i)(1), effective November 19, 2024—the 46th day after the date Debtors

---

[5] SC LBR 7012-1 provides that when a motion seeking dismissal of an adversary proceeding in which the non-moving party is without counsel, a notice should be provided which, among other things, states that "[i]f [the *pro se* party] fails to file a timely response to the motion, the court will consider the motion unopposed and may grant the motion without holding a hearing." This Court notes, however, that federal courts have "an obligation to review motions to ensure that dismissal is proper". *Gorman v. Northern Trust Co. (In re Gorman)*, 2017 WL 2838105, at *3 (Bankr. N.D. W.Va. June 30, 2017) (citing *Stevenson v.City of Seat Pleasant, Md.*, 743 F.3d 411, 416 N.3 (4th Cir. 2014). "Thus, courts 'may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default.'" *Id*. (citing *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d. 143, 145 (1st Cir. 2004)).
[6] Made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7012.
[7] ECF No. 1 of Case No. 24-03611. The Court notes that debtor Jacqueline Elizabeth Ard previously filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Michigan in 1997 (Case No. 97-56979-WSD) and 2011 (Case No. 11-55392-WSD). Ard obtained a discharge in both of her prior bankruptcy cases.
[8] ECF No. 45.
[9] ECF No. 46.

filed the petition.

Debtors filed a Motion to Reopen the Chapter 13 Case on December 18, 2024,[10] and an Amended Motion to Reopen on December 19, 2024.[11]  Therein, Debtors argued, *inter alia*, the Court must reopen the case so Debtors may submit the documents listed in the Order Granting Dismissal, file a motion to reinstate, and bring adversary proceedings against creditors to address violations of the automatic stay.[12]  The Court entered an Order on January 10, 2025, denying the Amended Motion to Reopen ("Order Denying Motion to Reopen") and setting a deadline of 5 P.M. on January 24, 2025, for Debtors to file any Motions seeking damages for violation of the automatic stay pursuant to 11 U.S.C. § 362(k).

Rather than file a motion for violating the automatic stay, Debtor filed this adversary within the period set in the Order Denying the Motion to Reopen.  The Clerk's Office issued the summons for this adversary outside of the deadline set but Debtor promptly served the summons once issued.  Debtor alleges damages based on Movants' alleged refusal to allow Debtor to access her property.

Debtor's Complaint alleges two causes of action: Breach of Contract and Willful Violation of the Automatic Stay.  The Complaint fails to allege basic information like the existence of a contract between Debtor and the Movants or how the Movants breached any such contract.  Regarding the stay violation, Debtor broadly alleges facts that some of the Movants knew of her bankruptcy case; willfully deprived her of access to her property despite their knowledge of the bankruptcy; and that she was thereby damaged.

**STANDARD OF REVIEW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a

---

[10] ECF No. 56.
[11] ECF No. 59.
[12] The Court notes that while the Amended Motion was signed by both Debtors, Debtors did not file a certificate of service as directed by the Deficiency Notice. *See* ECF No. 57.

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

A motion filed under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint and provides that a party may move to dismiss for "failure to state a claim upon which relief can be granted."[13] The legal sufficiency of Plaintiff's Complaint is measured by whether it meets the standards for a pleading set forth in Fed. R. Civ. P. 8,[14] which provides the general rules of pleading, and Rule 12(b)(6), which requires a complaint to state a claim upon which relief can be granted. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint meets the plausibility standard when it "articulate[s] facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, *i.e.*, the 'plausibility of entitlement to relief.'" *Giacomelli*, 588 F.3d at 193 (quoting *Iqbal*, 556 U.S. at 678). The pleader must provide more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In reviewing a complaint for failure to state a claim, a court must construe the allegations in the light most favorable to the plaintiff. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotations omitted); *see also Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A motion to dismiss under [Civil Rule] 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the

---

[13] Fed. R. Civ. P. 12(b)-(i) is made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b).
[14] Fed. R. Civ. P. 8 is made applicable to adversary proceedings by Fed. R. Bankr. P. 7008.

merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952(4th Cir. 1992). "Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a [Civil Rule] 12(b)(6) motion, [the Court] assume[s] the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020). Moreover, the court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## DISCUSSION

### I.     The Complaint

The caption of the Complaint lists Ron Zold, Judy Vanderveer, Wm Weston Jones Newton, and HHR Four Seasons Horizontal Property Regime (the "Regime") as defendants. However, the body of the complaint fails to name the Regime as a defendant or specify any action by the Regime that violated the automatic stay. Complaint ¶ 7. Debtor's Complaint defines the Defendants as Ron Zold, Judy Vanderveer, and Wm Weston Jones Newton ("Defendants") and alleges these individuals are members of the Board of Directors and/or counsel for the Regime, but fails to identify with specificity who is a board member and who is counsel. Complaint ¶ 7. The Complaint states that the Regime manages two properties, located at 663 William Hilton Parkway, Unit 4408 and 663 William Hilton Parkway, Unit 4405 (the "Properties"). Debtor[15] acknowledges that unpaid dues, fines, and assessments were owed on the Properties when the case was filed. Complaint ¶ 10. Debtor alleges that Defendants were listed on Schedule D and received notice of

---

[15] The Court notes that C/A 24-80006 names only Jacqueline Ard as Plaintiff.

the bankruptcy filing through the bankruptcy noticing center on October 4, 2024.[16] Complaint ¶¶ 10, 11. Debtor alleges that she hand-delivered Notice[17] of the bankruptcy case on October 5, 2024 at 3:00 P.M. to an individual not named as a defendant in the Complaint, and the individual thereafter notified Defendants of Debtor's bankruptcy filing via email. Complaint ¶¶ 12, 13. Debtor further asserts that upon providing in-person notice, she requested "that all adverse action cease; that…pass privileges be restored; that…parking passes be reactivated; and that [she] be allowed to access [her] home". Complaint ¶ 12. Debtor contends that she reiterated that request via email to Defendants on the same day, and again in a third email sent on November 11, 2024. Complaint ¶¶ 14, 16. Debtor's Count 1 for breach of contract alleges a factual allegation that Defendants refused to allow Debtor access to her home. Complaint ¶ 25. Debtor alleges that she has experienced "extreme emotional distress" from the alleged loss of use of her home and has incurred additional housing costs due to Defendants' actions. Complaint ¶ 18.

    A.    **Breach of Contract**

Count 1 of the Complaint is styled as a claim for breach of contract. The Court grants Movants' Motion to Dismiss as to Count 1 of the Complaint. The Order Denying Motion to Reopen specifically limited this Court's continuing jurisdiction in this dismissed case to matters arising under 11 U.S.C. § 362(k). Although not pertinent to this analysis, the Court notes that Debtor fails to specify the terms of any alleged contract and how it was breached by the Defendants. The cause

---

[16] The Court notes, however, that no schedules were filed with the Voluntary Petition, and Defendants were not included on either mailing matrix filed by the Plaintiff on October 4, 2024. In a related adversary proceeding, Debtor testified that she drafted but never filed Schedule D. Debtor's original creditor matrix, filed on October 4, 2024, did not list Defendants. *See* Case No. 24-03611-JD, ECF Nos. 8, 9. ECF No. 8 includes Jones, Simpson, & Newton, PA., 7 Plantation Park Drive, Suite 3, Bluffton, SC 29910, generally, but does not include Wm Weston Jones Newton, specifically. Debtor updated the creditor matrix on October 29, 2024 (ECF No. 27) to add Defendants Zold and Vanderveer and filed a certificate of service on November 1, 2024 (ECF No. 33) indicating that she served parties added to the matrix with notice of the bankruptcy case. For purposes of this motion, the Court takes as true that Defendants received notice of the bankruptcy case as alleged in ¶ 13.

[17] ECF No. 10.

of action, therefore, is unsupported and general in nature. The Court dismisses Count 1 with prejudice.

### B. Violation of the Automatic Stay

Count 2 of the Complaint alleges willful violations of the automatic stay. The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat. Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 503 (1986) (citing S. REP. No. 95–989, p. 54 (1978); H.R. REP. No. 95–595, p. 340 (1977); 1978 U.S.C.C.A.N. 5787, 5840, 5963, 6296). The stay provides the Debtor a breathing spell as it "stops all collection efforts, all harassment, and all foreclosure actions." H.R. REP. 95-595, at 340 (1978); 1978 U.S.C.C.A.N. 5963, 6297; see also *In re Sapp*, 655 B.R. 421, 432 (Bankr. D.S.C. 2023) (quoting *In re Parast*, 612 B.R. 710, 716 (Bankr. D.S.C. 2020) for its holding that "[t]he Bankruptcy Code provides a statutory injunction…known as the automatic stay, which freezes the collection of debts and other actions in most judicial proceedings…in order to provide a debtor with a breathing spell."). "In addition to preventing creditors from harassing debtors, the automatic stay 'enables debtors to resolve their debts in a more orderly fashion.'" *In re Wood*, 993 F.3d 245, 249 (4th Cir. 2021) (quoting *In re Soares*, 107 F.3d 969, 975 (1st Cir. 1997)). Creditors also benefit as the stay preempts a "race to the courthouse" and provides opportunity for fair allocation of the bankruptcy estate. *Id.* (internal citation omitted).

11 U.S.C. § 362(a) defines the scope of the automatic stay, enumerating eight subsections of activities enjoined by the automatic stay. *See* 11 U.S.C. § 362(a)(1) – (8). Potentially relevant here, Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3). Additionally, Section 362(a)(6) stays "any act to collect, assess, or recover a claim against the

debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(6). If a violation of one of the stay provisions of 362(a) occurs, and Plaintiff can prove it was "willful", the Court may award damages. *See* 11 U.S.C. § 362(k)(1) ("an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.").

"A willful violation of the automatic stay occurs when a 'creditor knows of the pending bankruptcy petition and intentionally attempts to continue collection procedures in spite of it.'" *In re Defeo,* 635 B.R. 253, 262 (Bankr. D.S.C. 2022) (quoting *Warren v. Dill (In re Warren)*, 532 B.R. 655, 660 (Bankr. D.S.C. 2015)) (internal citations omitted). "To recover damages, Debtor must demonstrate that (1) a bankruptcy petition was filed; (2) that Debtor is an 'individual' protected under the automatic stay provision; (3) that Defendant received notice of the petition; (4) that Defendant's actions in violation of the stay were 'willful'; and (5) that Debtor suffered damages." *Id*.

Debtor alleges that after receiving notice of the bankruptcy, Defendants failed to restore pass privileges, parking privileges, and refused access to her home.[18] However, Debtor fails to allege that any action taken by the Regime violated the stay. Debtor only alleges actions by the "Defendants" she names and defines in the body of the Complaint, who are the putative agents of the Regime. As to the Regime, the Motion to Dismiss is granted and Count 2 is dismissed with prejudice.

While the Complaint alleges facts required to support an action for a stay violation against Defendants, as defined - Ron Zold, Judy Vanderveer, and Wm Weston Jones Newton - it fails to address the threshold issue of which subsection of § 362(a) was violated, which Defendant(s) took

---

[18] *See* ECF No. 1, at ¶ 12.

which action(s) to violate the stay, and muddles factual allegations in a prayer for relief.

"*Pro se* pleadings are to be construed liberally by the courts and are held to less stringent standards than pleadings drafted by lawyers, however, the grant of leniency is not without its limitations." *In re Lents*, 650 B.R. 238, 243 (Bankr. D.S.C. 2023) (internal citations omitted). While the Court can construe that Debtor asserts a violation under either or both § 362(a)(3) and (a)(6), for the purposes of determining whether the Complaint is well-plead to survive a Motion under Rule 12(b)(6), more specificity is required.[19] Additionally, the Complaint includes multiple defendants without specifying which of the defendants are responsible for which acts or omissions.[20]

While the Complaint is less than clear, it appears that Debtor has alleged factual allegations to support the elements of a stay violation claim against Defendants Ron Zold, Judy Vanderveer, and Wm Weston Jones Newton. The Court has the authority to *sua sponte* order Debtor to amend the Complaint to make a more definite statement and orders her to do so within fourteen (14) days of the entry of this Order pursuant to Fed. R. Civ. P. 12(e). *Lampkin-Asam v. Volusia County School Bd.*, No. 6:07-cv-116-Orl-31DAB, 2007 WL 1577814, at *1-*2 (M.D. Fla. 2007) (holding that if a defendant does not seek a more definite statement in response to vaguely pleaded

---

[19] *See, e.g., In re Harchar*, 393 B.R. 160, 167 (Bankr. N.D. Ohio 2008), *aff'd sub nom. Harchar v. United States*, 435 B.R. 480 (N.D. Ohio 2010), *aff'd sub nom. In re Harchar*, 694 F.3d 639 (6th Cir. 2012) (implementing a three-pronged test to determine a violation of stay under § 362(a)(3) ("In order to sustain an action for violation of § 362(a)(3), three elements must be shown: (1) a property interest is involved; (2) the property interest is estate property; and (3) there occurred either an act to obtain possession of the estate property or there existed an act to exercise control over estate property. . .") *and compare, In re Torres*, 544 B.R. 741, 749 (Bankr. D.P.R. 2015) (discussing a 'coercive effects' test to determine a violation of stay under § 362(a)(6)) (holding "Some courts have applied a 'coercive effects' test which is basically whether a creditor 'acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt. This 'test' can't be found in the Code, and situations which it applies will be rare, because most act or failures to act have multiple purposes, such as minimizing risk based on creditworthiness.") (internal citations omitted).

[20] *See In re Ozcelebi*, 635 B.R. 467, 472 (Bankr. S.D. Tex 2021) (detailing four types of "shotgun pleadings", how they violate the Federal Rules of Civil Procedure, and utilizing the Court's power to act *sua sponte* to order plaintiffs to submit a more definite statement pursuant to Rule 12(e)). While the Court does not find that the instant Complaint rises to the level of a "shotgun pleading," the analysis is nonetheless instructive.

complaint, the court has authority to intervene *sua sponte* and order re-pleading); *In re Milledge*, 639 B.R. 334, 354 (Bankr. D.S.C. 2022) (finding "[t]o put the Court in the proper posture to consider any…claims and to provide [Defendants] fair notice of the specifics of any such claim at this early stage of proceedings, the Court *sua sponte* has determined Debtor should be more definite and certain in [her] allegations."); *Moore's Federal Practice,* § 12.36 (Matthew Bender 3d ed.) ("Because of its potential usefulness … courts will occasionally order a more definite statement *sua sponte*, which they have the freedom to do.").

## CONCLUSION

For the foregoing reasons, it is ordered that Movants' Motion is:

**GRANTED** as to Count 1, Breach of Contract is dismissed with prejudice.

**GRANTED** as to Count 2, Willful Violation of the Automatic Stay, as to HHR Four Seasons Horizontal Property Regime.  Count 2 is dismissed with prejudice as to HHR Four Seasons Horizontal Property Regime.

**DENIED** as to Count 2, Willful Violations of the Automatic Stay, as to Defendants Ron Zold, Judy Vanderveer, and Wm Weston Jones Newton.

It is **FURTHER ORDERED** that because it is not sufficiently clear which code section of § 362(a) Debtor is proceeding under, and/or which of the remaining Defendants, Ron Zold, Judy Vanderveer, and Wm Weston Jones Newton, are responsible for which acts or omissions, and in order to make a more definite and certain statement of grounds and actions to enforce the automatic stay, **the Court will grant Debtor fourteen (14) days from the entry of this Order to amend the complaint to allege with sufficient specificity any violations of the automatic stay under 11 U.S.C. § 362(a), as they relate to each Defendant Ron Zold, Judy Vanderveer, and Wm Weston Jones Newton individually or jointly, including any and all damage claims**.

If the Complaint is not amended within fourteen (14) days, the Court may dismiss the case pursuant to Fed. R. Civ. P. 12(e). Upon timely filing and service of an amended complaint, Defendants shall file responsive pleading(s) within fourteen (14) days after service of the amended complaint.

**IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/11/2025**



*/s/ L. Jefferson Davis IV*
US Bankruptcy Judge
District of South Carolina

Entered: 04/11/2025